## 18643

John H. HYDRICK, Jr., Respondent, v. Mary H. GREENE and A. S. Hydrick, Respondents, and Cora Byrd, Virgil Hutto and Vera Williams, Appellants.

(154 S. E. (2d) 565)

*Messrs. Horger & Horger, Thomas B. Barrineau, Jr.,* and *P. F. Haigler,* of Orangeburg, *for appellants,*

*Messrs. John H. Hydrick, Jr.,* and *Moss & Moss,* of Orangeburg, *for respondents.*

May 4, 1967.

Lewis, Justice.

This action involves a construction of the will of the late Henrietta H. Caskey to determine the nature of the estate acquired by the devisees under Item 6 thereof, having particular reference to the devisee John Henry Hydrick. The pertinent portions of Item 6 are as follows:

"Sixth. I give my Ninety-six Road place, containing 550 acres, more or less, and my River Road place, containing 270 acres, more or less, both in Orangeburg County, said state, to my brother, Dr. D. J. Hydrick, my sister, Margaret H. Laval, my brother, John Henry Hydrick, and

my nephew, Jack Lawton Hydrick, the infant son of my deceased brother, Jacob Lawton Hydrick, to be divided amongst them as follows: My executors shall select three disinterested persons, who shall call to their aid a surveyor and divide said lands into four parts, as nearly equal in value as possible, and have plats thereof made and numbered and then determine by lot the part which shall be assigned to each of said devises, and each of them shall have the part so assigned to him for life, and after his death, it shall go to his "issue" *per stirpes,* as purchasers. But if any of them should die without issue, his share shall go to the survivors upon the same limitations as their original shares, and so on to the last survivor. And if all of them shall die without leaving issue, the whole shall be added to the Hydrick Memorial Scholarship fund hereinafter provided * * *."

The parties are in agreement as to the facts. Mrs. Caskey died about May 1920. The foregoing provisions of Item 6 were carried into effect and a tract of land containing 285.8 acres, more or less, was allotted to the devisee, John Henry Hydrick, under the terms of the will. Subsequently, on June 29, 1925, the Sheriff of Orangeburg County sold this tract of land for delinquent taxes to one J. B. Robinson who died on August 28, 1938 leaving a will under which he devised the property to the defendant, Cora Byrd. She thereafter conveyed five (5) acres, more or less, of the lands to the defendant, Virgil Hutto. The defendants Cora Byrd and Virgil Hutto have been continuously in possession of the tract since the respective conveyances to them.

John Henry Hydrick died on November 12, 1964, leaving as his only children the plaintiff, John H. Hydrick, Jr., and the defendants, Mary H. Greene and A. S. Hydrick. After the death of John Henry Hydrick, Sr., his children demanded possession of the 285.8 acre tract of land from the defendants Cora Byrd and Virgil Hutto, which demand was refused.

This action was then brought to recover possession of the land from the defendants Cora Byrd and Virgil Hutto. The

action was based upon the contention that the lands were devised to John Henry Hydrick, Sr., under Item 6 of the will, for life, and upon his death to his above named children in fee, as tenants in common, and that the sale of the life estate of their father for delinquent taxes was ineffective to deprive them of their title and right to possession of the property.

The defendants, Cora Byrd and Virgil Hutto, whose titles depend upon the validity of the sale of the land for delinquent taxes, contend on the other hand that John Henry Hydrick, Sr., acquired under Item 6 a fee simple conditional estate and, upon the birth of issue, he had the right to alienate the property, making it subject to his debts and sale for delinquent taxes.

The circuit judge construed Item 6 as devising a life estate to John Henry Hydrick, Sr., with remainder in fee to his children, and held that the children were entitled to possession of the land. The defendants, Cora Byrd and Virgil Hutto, have appealed from the decree so entered.

The devise in question to John Henry Hydrick, Sr., and the other devisees was in the following form: "Each of them shall have the part so assigned to him for life, and after his death, it shall go to his issue *per stirpes,* as purchasers. But if any of them shall die without issue, his share shall go to the survivors upon the same limitations as their original shares, * * *."

The parties correctly agree that the issue to be decided is whether, under the foregoing devise, John Henry Hydrick, Sr., acquired only a life estate with remainder in fee to his children, or whether he took an estate in fee simple conditional. The will was executed prior to the adoption of Section 57-2, 1962 Code of Laws, and it is conceded that the answer to the foregoing question depends upon whether or not the rule in *Shelley's case* is applicable. For, had the words *"per stirpes,* as purchasers" been omitted from the devise, it is clear that John H. Hydrick, Sr., would have taken a fee simple conditional title to the lands devised to him.

*Green v. Green,* 210 S. C. 391, 398, 42 S. E. (2d) 884; *Woodle et al. v. Tilghman et al.,* 234 S. C. 123, 107 S. E. (2d) 4.

The issue then narrows to the effect of the use of the words "as purchasers" upon the estate devised. The governing principle in deciding this question is thus stated in *Green v. Green, supra:*

"It is true that the rule in *Shelley's case* is still binding authority in South Carolina (that is, prior to the adoption of Section 57-2, 1962 Code of Laws), but when it appears that the words 'heirs,' 'heirs of the body,' or 'issue' are so qualified by additional words in the will as to evince an intention that they are not to be taken as descriptive of an indefinite line of descent, but are used to indicate a new stock of inheritance, the rule in *Shelley's case* does not apply.

\* \* \*

"It follows that if a testator after using the words apparently of limitation, which standing alone would delimit the quantum of the estate rather than designate the persons who are to take under the will, proceeds to define the meaning of the words used by him, or otherwise to indicate clearly in the will the meaning he attached to such words, then unless the purpose of the testator as thus disclosed violates some rule or law or some controlling principle of public policy, his intention as so expressed will be given effect, even though the result is to transform words technically of limitation into words of purchase, that is to say, into words designating the parties to take instead of the quantum of the estate. Hence, although the testator may use such expressions as 'heirs,' 'heirs of the body,' or 'issue,' which are usually words of limitation, a clearly expressed purpose on the part of the testator that such words shall be deemed to mean children will be given effect."

Because of the length of Mrs. Caskey's will it is not set forth in full, but it was obviously prepared by a skilled draftsman who knew the meaning of the words used. In Item 5 of the will, a house and lot is devised

to Onan A. Hydrick, *his heirs and assigns, in fee simple.* In that same item a 146 acre tract is devised to the same party, *for life, and, after his death, to his issue per stirpes, as purchasers*—substantially the same wording as in Item 6. The testatrix knew how to devise a fee simple estate and it is apparent that she intended to devise by the latter wording something less than a fee simple title—obviously a life estate to the named devisees.

We are not left in doubt in this case as to the meaning of the word "issue." The testatrix has in unmistakable language said what it means. The words "as purchasers" could have only been used to modify and define the word "issue". In so defining the word "issue," the testatrix clearly expressed a purpose that "issue," was not used as a word of limitation but one of purchase. Under the previously stated principles, we are required to give effect to such clearly expressed intent. As stated by the circuit judge, "when Mrs. Caskey used the phrase 'as purchasers' in defining the word 'issue' she, in effect, said that 'the issue of John Henry Hydrick, Sr., shall take as a class on his death directly from me, and not as his heirs.' Having set up a new line of descent in the issue of John Henry Hydrick, Sr., the rule in *Shelley's case* has no application in the construction of Mrs. Caskey's will. John Henry Hydrick, Sr., took a life estate in the lands with remainder in fee simple to his issue *per stirpes,* as purchasers."

Since the will of Mrs. Caskey devised only a life estate in the lands to John Henry Hydrick, Sr., with remainder to his children, the sale of the real estate in the possession of the life tenant does not affect the interests of the remaindermen. *Taylor v. Jennings,* 233 S. C. 600, 106 S. E. (2d) 391. Therefore, on the death of John Henry Hydrick, Sr., his children were vested with the fee simple title to the lands and entitled thereafter to the rents and profits therefrom.

Affirmed.

Moss, Bussey, Brailsford, and Littlejohn, JJ., concur.